ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6559
    Fax: (415) 436-7234
    Garth.Hire@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 23-240 HSG |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER |
| v. | |
| JAIME RICHARDSON, | |
| Defendant. | |

With the agreement of the parties, the Court enters the following Protective Order:

The defendant Jamie Richardson is alleged to have violated the terms and conditions of his supervised release based on an alleged incident of domestic violence. Upon receipt of discovery requests, the United States will produce documents and other materials pertaining to the defendant and the alleged supervised release violations to defense counsel.

The discovery to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of any individual (other than his or her name), including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license

number, family members names, or criminal histories ("Personal Identifying Information");

2. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information");

3. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information"); and

4. Information implicating the safety of victims, witnesses, undercover officers or agents, and/or confidential informants or sources, as well as information identifying uncharged targets ("Sensitive Information").

The United States will identify discovery materials as Protected Information by marking such materials "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER" or "SENSITIVE INFORMATION—SUBJECT TO PROTECTIVE ORDER" or by providing written notice identifying discovery materials as Protected Information.  If defense counsel disputes the government's designation of specific materials as Protected Information, then, after meeting and conferring with the government, defense counsel or the government may seek Court intervention to resolve the dispute.  Pending resolution of the dispute, the disputed materials shall continue to be treated as Protected Information subject to the terms of this Protective Order.  Per Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the government must be prepared to support materials designated as Protected Information with a showing of good cause.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that defense counsel of record, their investigators, assistants, employees, and independent contractors (collectively, "the Defense Team") may review with the defendant all discovery material produced by the government, but shall not provide the defendant with copies of, or permit the defendant to make copies of, or have unsupervised access to, Sensitive Information (without regard to whether those materials have been redacted).  The Defense Team shall not provide the defendant with copies of, or permit the defendant to make copies of, or have unsupervised access to any discovery material produced by the government that contains Personal Identifying Information, Financial Information, or Medical Information, unless the Personal Identifying

Information, Financial Information, and/or Medical Information has first been entirely redacted. The government and defense counsel are ordered to work together to ensure that these materials are protected, and that defendant has as much access to the materials as can be provided consistent with this Court's order. Discovery material that clearly pertains to a specific defendant and does not contain Protected Information regarding any other person (*e.g.*, defendant's own bank records, telephone records, and business records) may be provided to that defendant unredacted.

In the course of preparing a defense, a member of the Defense Team may show witnesses Protected Information, or discuss Protected Information with witnesses, if the Defense Team has a good faith basis to believe that the witness has knowledge of information related to the Protected Information. While members of the Defense Team may show Protected Information to such witnesses, no member of the Defense Team shall provide any witness with copies of, or permit the witness to make copies of, or have unsupervised access to Protected Information. Witnesses may only view Protected Information in the presence of a member of the Defense Team. The Defense Team agrees to keep a log reflecting the date(s) on which a particular witness viewed Protected Information and what specific Protected Information was viewed.

Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case. The defendant, all members of the Defense Team, and any experts who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

**IT IS FURTHER ORDERED** that neither a defendant nor any member of the Defense Team shall provide any Protected Information produced by the government to any third party (*i.e.*, any person who is not a member of the Defense Team), except in the manner described above with respect to witnesses or experts, or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court. If a party files a pleading that

contains or attaches Protected Information subject to this Order, the Protected Information must be accompanied by a request to file under seal.

**IT IS FURTHER ORDERED** that upon request of the United States, counsel for defendant shall return or destroy materials subject to this Protective Order (including any copies) within 30 days, unless counsel for defendant can ensure that the Protected Information will continue being kept under the conditions specified in this Order and agrees to do so under the conditions specified in this Order.  If counsel for defendant returns documents and materials subject to this Order to the United States, the United States shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired.  After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order.  If the defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order.  Upon request by predecessor counsel, counsel for defendant may provide materials subject to this Protective Order under the conditions specified in this Order.

This stipulation is without prejudice to either party applying to the Court to modify the terms of this protective order.  This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED**.

DATED:  December 6, 2023                                             Respectfully submitted,

                                                                                            ISMAIL J. RAMSEY
                                                                                            United States Attorney


                                                                                                  /s/
                                                                                            GARTH HIRE
                                                                                            KELSEY DAVIDSON
                                                                                            Assistant United States Attorneys


DATED:  December 6, 2023                                                    /s/
                                                                                            MATTHEW DIRKES
                                                                                            Attorney for Defendant
                                                                                            Jamie Richardson

**IT IS SO ORDERED**.

DATED: 12/6/2023

HON. HAYWOOD S. GILLIAM, JR.
United States District Judge